# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| WMH TOOL GROUP, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WOODSTOCK INTERNATIONAL, INC. and ) <br> GRIZZLY INDUSTRIAL, INC., ) <br> ) <br> Defendants. ) | No. 07 C 3885 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, WMH Tool Group, Inc. ("WMH"), filed suit against Defendants, Woodstock International, Inc. ("Woodstock") and Grizzly Industrial, Inc. ("Grizzly"), asserting nine causes of action, including dilution in violation of the Lanham Act (Count III) as well as willful infringement and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act (Count VIII). Presently pending before this Court is the Defendants' Motion to Dismiss Count III and Count VIII of Plaintiff's Complaint.

## BACKGROUND

A reading of Plaintiff's Complaint supports the following summary of the alleged conduct of the parties.

WMH[1], a Washington corporation with headquarters in Illinois, has been in the business of manufacturing and selling woodworking and metal working machinery and tools since 1929. Woodstock and Grizzly are national suppliers of woodworking and metal working machinery and tools and are under common ownership and control. WMH, Woodstock, and Grizzly conduct business in Illinois.

---

[1] Or its predecessors in interest.

Since as early as 1996, WMH began manufacturing its JET brand machinery in a distinctive white color to make these products stand out from the other woodworking and metal working products that existed at the time. WMH registered its trademark ("Registered Trade Dress") consisting of the color white "as applied to the exterior surfaces of the goods at the rectangular base thereof excluding the top surface, wheel and instrumentation"[2] on or about October 12, 2004. Over the past ten years, WMH has expended considerable time, effort, and resources to develop their unique Registered Trade Dress and to promote its JET brand products. The Registered Trade Dress has become famously and exclusively associated with WMH, embodies WMH's goodwill and reputation to consumers and is a valuable asset of WMH's business.

Woodstock, under the SHOP FOX brand name, and Grizzly, under the GRIZZLY or GRIZZLY INDUSTRIAL brand names, designed woodworking and metal working machinery, which imitate and infringe on the Registered Trade Dress, and have and continue to import, promote, advertise, offer for sale, and sell in interstate commerce such machinery. Woodstock and Grizzly were aware of WMH's adoption of this trade dress before either started using the color white on its machinery. This infringement is causing confusion, deception, and mistake concerning the origin of the SHOP FOX and GRIZZLY/GRIZZLY INTERNATIONAL brand products, the affiliation between WMH and Woodstock and Grizzly, and WMH's sponsorship or

---

[2] As described in its Trademark Registration No. 2,893,180 on the Principal Register of the United States Patent and Trademark Office.

approval of the SHOP FOX or GRIZZLY/GRIZZLY INTERNATIONAL brand products. This infringement has also tarnished, and continues to tarnish, WMH's reputation, is likely to damage the goodwill embodied in WMH's Registered Trade Dress, and is causing dilution of the distinctive quality of the Registered Trade Dress.

Woodstock and Grizzly have received profits from their knowing, willful, and intentional infringement on WMH's Registered Trade Dress. This infringement has caused, and continues to cause, serious and irreparable injury to WMH, including loss of competitive advantage, loss of business reputation and goodwill, loss of sales and profits, and other losses. In light of these losses, WMH filed these claims for willful infringement in violation of the Lanham Act and willful infringement and unfair competition under the Illinois Consumer Fraud and Deceptive Business Practices Act, among others.

## ANALYSIS

Woodstock and Grizzly ("Defendants") seek to dismiss Counts III and VIII of WMH's Complaint. In ruling on a motion to dismiss, the court must accept as true all well-pleaded factual allegations and draw reasonable inferences in favor of the plaintiff. *Sprint Spectrum L.P. v. City of Carmel, Ind.*, 361 F.3d 998, 1001 (7th Cir. 2004) (*Sprint*). Federal Rule of Civil Procedure 8(a)(2) requires that the complaint contain a "short and plain statement of the claim showing that the pleader is entitled to relief." To meet Rule 8(a)(2)'s requirements, "the complaint must describe the claim in sufficient detail to give the defendant 'fair notice of what the ... claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, __ U.S. __, __, 127 S. Ct. 1955, 1964, 167 L. Ed. 2d 929 (2007), *quoting Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957) (alteration in *Bell Atlantic*). "Second, its allegations must

plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level'; if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Serv., Inc.* 496 F.3d 773, 767 (7th Cir. 2007).

Defendants argue that Count III (violation of the Lanham Act) is legally insufficient because WMH failed to specify the date its trade dress became famous and failed to allege that Defendants' use of the product began after WMH's mark became famous. To survive a motion to dismiss, a plaintiff need only comply with the notice pleading standard, that is, the complaint must notify the defendant of the theory behind the claims alleged and the basic grounds upon which they rest. *United States ex rel. Argyle Cut Stone Co. v. Paschen Contractors, Inc.*, 664 F. Supp. 298, 302 (N.D. Ill. 1987). In this case, WMH's Complaint clearly alleges that Defendants used WMH's trade dress in commerce, that WMH has been using the trade dress since 1996, and that since 1996, the trade dress has become famous. Based on these allegations, in a light most favorable to WMH, WMH has alleged that the Defendants' use of the trade dress occurred after it became famous. Specific dates as to when the trade dress became famous or when Defendants began using the trade dress is not necessary under the notice pleading standard.

As to Count VIII (violation of the Illinois Consumer Fraud and Deceptive Business Practices Act), Defendants argue that WMH lacks standing because it is not a person or consumer under the act. The Consumer Fraud Act defines the term "person" to include corporations, companies, and business entities. 815 ILCS 505/1(1)(c). Certainly, although WMH is not a natural person, it is a "person" under the act.

Furthermore, while the purpose of the Act is to protect consumers, Illinois Courts have held that a plaintiff need not be a consumer to have standing under the Act. *Lake County Grading Co. of Libertyville, Inc. v. Advance Mechanical Contractors, Inc.*, 275 Ill. App. 3d 452,

457 (1995) (*Lake County*). In a case such as this one, involving two businesses who are not consumers, "the test for standing is whether the alleged conduct invokes trade practices addressed to the market generally or otherwise implicates consumer protection concerns." *Lake County* at 458. Under the Act, a person engages in deceptive trade practice when he "causes likelihood of confusion or misunderstanding as to the source, sponsorship, approval, or certification of goods or services." 815 ILCS 510(2). Because WMH alleges that Defendants' use of the trade dress has caused customer confusion, WMH has alleged a trade practice that implicates a consumer protection concerns and, therefore, has standing under the Act.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss Count III and Count VIII of Plaintiff's Complaint is denied.

Dated: November 14, 2007

JOHN W. DARRAH
United States District Court Judge