## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| WMH TOOL GROUP, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| WOODSTOCK INTERNATIONAL, INC., and | ) |
| GRIZZLY INDUSTRIAL, INC., | ) |
| | ) Civil Action No. 07C 3885 |
| Defendants. | ) |
| WOODSTOCK INTERNATIONAL, INC., and | ) The Honorable John W. Darrah |
| GRIZZLY INDUSTRIAL, INC., | ) |
| | ) Magistrate Judge Michael T. Mason |
| Counter-Plaintiffs, | ) |
| | ) |
| v. | ) |
| | ) |
| WMH TOOL GROUP, INC., | ) |
| | ) |
| Counter-Defendant. | ) |

### WMH TOOL GROUP, INC.'S MOTION TO QUASH DEPOSITION NOTICE AND SUBPOENA OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER

Plaintiff, WMH Tool Group, Inc. ('WMH"), moves pursuant to Fed.R.Civ.P. 26(c) for a protective order either preventing Defendants, Woodstock International, Inc. ("Woodstock") and Grizzly Industrial, Inc ("Grizzly") (together "Defendants"), from taking the deposition of Plaintiff's trial counsel, Edward E. Clair, or, in the alternative, limiting the scope of Mr. Clair's deposition to the non-privileged and non-attorney work product information related to WMH's acquisition of U.S. Trademark Registration No. 2,893,180 ("the '180 trademark").

Pursuant to Local Rule 37.1, WMH's counsel and Defendants' counsel have conferred via telephone conference on November 10, 2008. Counsels have been unable to reach an accord.

1

## I. INTRODUCTION

On October 7, 2008, Mr. Clair, one of the attorneys representing WMH in this action, was served with a subpoena commanding him to testify at a deposition in this action. (Ex. 1, Notice of Deposition). Mr. Clair has represented WMH, or its predecessor, since 1999 and has represented WMH in other lawsuits in addition to his representation of WMH in the lawsuit currently pending between WMH and Defendants. Through this litigation, Mr. Clair has developed an extensive and specialized body of knowledge relating to the subject matter of this lawsuit, including knowledge of confidential WMH information, strategic litigation decisions, and other mental impressions regarding the litigation that are shielded from disclosure by the attorney-client privilege and the work product doctrine.

Defendants justify their proposed deposition of Mr. Clair based on his representation of WMH in connection with WMH's acquisition of the '180 trademark. However, Defendants fail to show that no other means exist to obtain the information they seek other than through a deposition of Mr. Clair. WMH has produced all non-privileged documents relating to the acquisition of the '180 trademark and is prepared to stipulate to their authenticity. We are not aware of any disputed fact issues as to which Mr. Clair may have knowledge as a percipient fact witness or which is not available from other witnesses. Defendants have not yet taken ***any*** depositions and therefore, have not yet even attempted to obtain the information they seek through other sources. Defendants also fail to show that the information they seek of Mr. Clair is not privileged. In fact, all the document requests attached to the subpoena of Mr. Clair indicate the Defendants seek entirely privileged information. (Ex. 2, Subpoena). Furthermore, all of Mr.

Clair's knowledge comes from his legal work for WMH. Thus, we request that the deposition notice and subpoena be quashed.

Alternatively, if any deposition of Mr. Clair is permitted, it should strictly be limited to the non-privileged and non-attorney work product information related to WMH's acquisition of the '180 trademark. If Mr. Clair's deposition is not limited in scope, the deposition will; more likely than not, based on the document requests attached to the subpoena; be occupied by inquiries seeking confidential WMH information protected by the attorney-client privilege and work product doctrine.

## II. THE DEPOSITION OF WMH'S COUNSEL OF RECORD SHOULD BE PREVENTED

Rule 26(c) of the Federal Rules of Civil Procedure authorizes protective orders "which justice requires to protect a party or a person from annoyance, embarrassment, oppression, or undue burden or expense." Fed.R.Civ.P. 26(c). The procurement of testimony from a party's counsel is generally disfavored. *See Harriston v. Chicago Tribune Company*, 134 F.R.D. 232, 233 (N.D. Ill. 1990); *see also Bogosian v. Woloohojian Realty Corp.*, 323 F.3d 55, 66 (1st Cir. 2003); *see also Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987) (the practice of forcing trial counsel to testify "has long been discouraged"). The practice is disruptive to the adversarial nature of the judicial process and it lowers the standards of the legal profession. *Harriston*, 134 F.R.D. at 233 (*citing Shelton*, 805 F.2d at 1328). Depositions of trial counsel are limited to those circumstances where the party seeking to take the deposition has shown that (1) ***no other means exist*** to obtain the information than to depose opposing counsel; (2) the information sought is relevant and ***not privileged***; and (3) the ***information is crucial*** to the preparation of the case. *See Marco Island Partners v. Oak Development Corp.*, 117 F.R.D. 418, 420 (N.D. Ill. 1987); *Shelton*, 805 F.3d at 1327; *Bogosian*, 323 F.3d at 66.

Defendants have failed to meet their burden of proving that the deposition of Mr. Clair in this case meets **any** of the three requirements articulated by the court in *Harriston* and *Shelton*. With respect to the first factor enunciated in *Harriston* and *Shelton*, courts have held that,

> [i]f there are other available sources, the party seeking discovery should explore them first. If there are other persons who have the information they should be deposed first. Also, other methods, such as written interrogatories, requests for production, or requests for admission, which do not involve the same dangers as an oral deposition of opposing counsel, should be employed.

*Kelling v. Bridgestone/Firestone*, 153 F.R.D. 170, 171 (D. Kan. 1994).

In a recent case addressing the *Shelton* factors, this Court granted a motion to quash a subpoena of plaintiff's trial counsel under very similar circumstances. *Miyano Mach. USA v. Miyanohitec Mach., Inc.*, 2008 U.S. Dist. LEXIS 44707 (N.D. Ill. 2008). In *Miyano*, this Court found that "[d]efendants [had] not satisfied their burden of showing that no means exist[ed] to obtain the requested information other than to depose [plaintiff's trial counsel]" because it was "not clear whether [d]efendants [had] deposed, or even attempted to depose any [other people]" who may have knowledge of the information defendants sought. *Id.* The Court went on to say that "this [was] certainly an avenue to pursue prior to deposing [plaintiff's] attorney." *Id.* Furthermore, in *Miyano*, this Court found that the plaintiff had produced responsive information in response to interrogatories and document requests regarding the matter at issue. *Id.* This Court requested that defendants "propound additional interrogatories or other written discovery requests" to "the extent [d]efendants seek more detailed information." *Id.*

In the present case, there are other available sources that can provide the information that Defendants purportedly seek. Defendants have not deposed one single person yet and therefore, all other sources of this information are still available to Defendants. For example, Defendants could depose employees of WMH who were involved in the acquisition of the '180 trademark

under Rule 30(b)(6) of the Federal Rules of Civil Procedure, but they have not. This is "certainly an avenue to pursue prior to deposing [WMH's] attorney." *Id.* Like the defendants in *Miyano*, the Defendants in this case have not attempted to obtain this information from any source other than Mr. Clair. *Id.* Thus, Defendants do not know the extent of Mr. Clair's involvement in the acquisition of the '180 trademark or Mr. Clair's knowledge on any issue on which Defendants seek to depose him, if he had/has any. "Defendants have not satisfied their burden of showing that no means exist to obtain the requested information other than to depose" Mr. Clair and therefore, the subpoena should be quashed. *Id.*

As to the second factor enunciated in *Harriston* and *Shelton*, every document request identified in Schedule A of the Subpoena to Mr. Clair seeks privileged information and suggests that Defendants' purpose for the deposition is improper. (Ex. 2, Subpoena). For example, document request two seeks "[a]ll correspondence between Ed Clair and employees of Plaintiff WMH." This information is clearly protected by the attorney-client privilege. (Id.). The remaining document requests are similarly targeted to seek privileged information. (Id.). Furthermore, to the extent that any of the document requests seek non-privileged information, it has already been produced to Defendants. Like in *Miyano*, WMH has produced responsive documents to Defendants' requests and interrogatories and therefore, Defendants' subpoena should be quashed and Defendants should "propound additional interrogatories or other written discovery requests [to] the extent Defendants seek more detailed information." *Id.*

Defendants cannot satisfy the third requirement of *Harriston* and *Shelton* either. Defendants have not determined the extent of Mr. Clair's involvement in the acquisition of the '180 trademark or Mr. Clair's knowledge on any issue on which Defendants seek to depose him, if he had/has any and therefore, the information sought from this deposition cannot be deemed

"crucial."

Moreover, to the extent an attorney's non-privileged testimony is merely duplicative of information from other sources, a deposition is not necessary and merely serves an opposing party's improper purpose:

> [T]he Federal Rules provide courts with the discretion to limit pretrial discovery if "the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive." Fed.R.Civ.P. 26(b)(1). It seems particularly appropriate to exercise this discretion when a party seeks to depose its opponent's attorney. Such a deposition provides a unique opportunity for harassment; it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness. Mindful of this potential for harassment, some courts have shown a greater inclination to quash the depositions of opposing counsel on the ground that they are duplicative. [Citation omitted.]

*Marco Island Partners*, 117 F.R.D. at 419-20.

Any information provided by Mr. Clair would only be duplicative of the information already in the Defendants' possession. All non-privileged documents regarding the acquisition of the '180 trademark have been produced by WMH in the course of this litigation or through of the public record. WMH is willing to stipulate to the authenticity of the documents and does not dispute their content. Furthermore, Defendants participated in ***WMH's deposition*** of Scott Box. Mr. Box was an employee of WMH and was directly involved in the acquisition of the '180 trademark. Therefore, there is nothing further to be gained by taking Mr. Clair's deposition; it is duplicative. Defendants are simply attempting to harass Mr. Clair and may be attempting to set the groundwork for a motion to disqualify him.

## II. IN THE ALTERNATIVE, DEPOSITION OF WMH'S COUNSEL OF RECORD SHOULD BE LIMITED IN SCOPE

Alternatively, if this Court allows the Defendants to take the deposition of Mr. Clair, such deposition should be limited in scope to the non-privileged and non-attorney work product information related to WMH's acquisition of the '180 trademark. In an effort to reduce the disruption that normally accompanies the deposition of trial counsel, courts have limited the scope of an attorney's deposition. *See, e.g., Will v. General Dynamics Corp.*, 2007 U.S. Dist. LEXIS 79299 (S.D. Ill. 2007). If the scope of the deposition is not limited to Mr. Clair's representation of WMH in the acquisition of the '180 trademark, WMH is concerned that Defendants will aggressively seek to probe Mr. Clair for sensitive information that is confidential to WMH and that is protected from disclosure by the attorney-client privilege and work product doctrine.

## III. CONCLUSION

For the foregoing reasons, WMH requests a protective order either preventing Defendants from taking the deposition of Mr. Clair, or, in the alternative, limiting the scope of Mr. Clair's deposition to the non-privileged and non-attorney work product information related to WMH's acquisition of the '180 trademark.

Date: November 14, 2008       s/   Shane Delsman
                                   Steven S. Schroer
                                   Edward E. Clair
                                   Christine Abuel Pompa
                                   Shane Delsman
                                   Fitch, Even, Tabin & Flannery
                                   120 S. LaSalle St.; Suite 1600
                                   Chicago, IL 60603
                                   Telephone: (312) 577-7000
                                   Facsimile: (312) 577-7007
                                  *Counsel for Plaintiff, WMH Tool Group, Inc.*

<u>CERTIFICATE OF SERVICE</u>

I, Shane Delsman, hereby certify that a copy of the foregoing WMH TOOL GROUP, INC.'S MOTION TO QUASH DEPOSITION NOTICE AND SUBPOENA OR, ALTERNATIVELY, FOR A PROTECTIVE ORDER was electronically filed on November 14, 2008 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Joseph F. Schmidt
Michele S. Katz
HUSCH BLACKWELL SANDERS WELSH & KATZ
120 South Riverside Plaza, Suite 2200
Chicago, Illinois  60606

Parties may access this filing through the Court's system.

s/    Shane Delsman
*One of the Attorneys for WMH Tool Group, Inc.*

8