IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WMH TOOL GROUP, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 07C 3885 |
| | ) | |
| v. | ) | The Honorable John W. Darrah |
| | ) | |
| WOODSTOCK INTERNATIONAL, INC., and | ) | Magistrate Judge Michael T. Mason |
| GRIZZLY INDUSTRIAL, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| WOODSTOCK INTERNATIONAL, INC., and | ) | |
| GRIZZLY INDUSTRIAL, INC., | ) | |
| | ) | |
| Counter-Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| WMH TOOL GROUP, INC., | ) | |
| | ) | |
| Counter-Defendant. | ) | |

**WMH TOOL GROUP, INC.'S REPLY IN SUPPORT OF MOTION TO QUASH DEPOSITION NOTICE AND SUBPOENA, OR ALTERNATIVELY, FOR A PROTECTIVE ORDER**

Plaintiff, WMH Tool Group, Inc. ("WMH"), submits this reply to Defendants' Opposition (Docket No. 189) to Plaintiff's Motion to Quash the Deposition Notice and Subpoena of Plaintiff's trial counsel, Edward E. Clair, or alternatively, for a protective order limiting its scope.

Defendants' response ignores the circumstances they must prove before they may properly take Mr. Clair's deposition. For the expansive deposition they seek, Defendants bear a heavy burden to show both that Mr. Clair is the only source for this information, and that the attorney-client privilege should be pierced. Defendants have shown neither. Plaintiff's motion to quash the deposition notice and subpoena, or in the alternative, for a protective order should therefore be granted.

I.  **Defendants Have Not Met Their Burden to Depose Trial Counsel.**

Defendants' response simply ignores the compelling showing they must make in order to justify their heavy-handed attempt to depose trial counsel in this case. Contrary to Defendants' argument, the courts in this district have regularly followed the approach of the Eighth Circuit in *Shelton*,[1] and Defendants make no attempt to satisfy that approach. *See, e.g.*, *Miyano Mach. USA, Inc. v. Miyanohitec Mach., Inc.*, No 08 C 526, 2008 U.S. Dist. LEXIS 44707, at **24-25 (N.D. Ill. June 6, 2008) (noting that courts either require the attorney to attend the deposition and raise objections to questions, or follow *Shelton*'s approach); *SEC v. Buntrock*, No. 02 C 2180, 2004 U.S. Dist. LEXIS 12036, at **5-10 (N.D. Ill. June 29, 2004) (upholding the magistrate's refusal, based upon the *Shelton* factors, to allow deposition of SEC attorneys who had conducted the relevant underlying investigations) (Ex. A); *Stalling v. Union Pac. R.R. Co.*, No. 01 C 1056, 2004 U.S. Dist. LEXIS 863, at *5 (N.D. Ill. Jan. 23, 2004) (noting that "[n]umerous federal courts in this district have followed the *Shelton* approach, and this Court will consider the *Shelton* factors in determining whether to bar [counsel's] deposition" and citing other Northern District cases) (Ex. B); *Computer Assocs. Int'l v. Quest Software, Inc.*, No. 02 C 4721, 2002 U.S. Dist. LEXIS 26941, at **8-9 (N.D. Ill. Dec. 11, 2003) (noting that many courts in the Northern District have adopted the *Shelton* test, and finding that under both *Shelton* and a more liberal standard, counsel could not be deposed) (Mason, Mag.) (Ex. C).

Defendants effectively concede that their motion lacks adequate foundation, as they do not cite any applicable case law in support of their *ipse dixit* assertion that *Miyano* is "not consistent with the weight of authority in this district and circuit." (Defs.' Resp. 9.) They make no attempt to satisfy *Miyano*, a clear admission that they cannot do so.

*Miyano* has very similar facts and is one of the most recent cases addressing this issue in this district, whereas the case law that Defendants rely upon as supportive of deposing trial counsel are old and/or completely unrelated. Defendants first assert that *qad.inc.*[2] found a blanket

---

[1] *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1327 (8th Cir. 1987).
[2] *qad.inc. v. ALN Assocs., Inc.*, No. 88 C 2246, 132 F.R.D. 492, 495 (N.D. Ill. Apr. 2, 1990).

protective order inappropriate to address speculative problems that were unlikely to be posed by counsel's deposition. (Defs.' Resp. 6-7.) However, the court expressly stated that the original deposition subpoena was "unconditional and unlimited in scope" which was "quite [a] legitimate concern." *qad.inc.*, 132 F.R.D. at 494. The court subsequently allowed the deposition to proceed, but only after the defendant ALN subsequently clarified that it sought "*only* communications as were **clearly and by definition not privileged** – all made to third parties. Nor were any work-product considerations implicated in what ALN was looking for." *Id.* (bold emphasis added). In contrast, the situation here much more closely reflects the original subpoena in *qad.inc.*, as it is unconditional and unlimited in scope, and as Defendants unabashedly admit, seeks both privileged communications and work product. (*See, e.g.*, Defs.' Resp. 3 ¶ 7.)

Defendants also rely upon *aaiPHARMA*[3] in support of their argument that *Shelton* should not be followed here. (Defs.' Resp. 7-8.) This case is similarly unpersuasive. The court explicitly stated: "AAI and MBHB did not raise their argument regarding *Shelton* until their Reply Brief. . . *For that reason alone*, the Court declines to apply the strict standard of *Shelton* to the facts here." *aaiPHARMA*, 361 F. Supp. 2d at 774 (emphasis added). Furthermore, the court allowed the deposition only upon non-privileged topics, preserving the right for MBHB to object to specific questions based upon privilege. *Id.* at 776-77.

In *Environ Products*[4], the court clearly limited the allowable areas of inquiry for the deposition: (1) factual information not protected as work product; (2) mental impressions protected as work-product only where information was directly relevant and unavailable from another source. *Id.* at **13-14. The court first noted that trial counsel need not worry about disqualification, and then emphasized that if other privileged information was inquired about, the court would resolve such disputes accordingly. *Id.* at *14. In contrast, the Defendants here admittedly seek information far beyond the scope of the deposition allowed in *Environ Products*

---

[3] *aaiPHARMA, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770 (N.D. Ill. 2005).
[4] *Environ Prods., Inc. v. Total Containment, Inc.*, No. 95-4467, 1996 U.S. Dist. LEXIS 12336 (E.D. Pa. Aug. 22, 1996).

and their unseemly plan to seek disqualification of Mr. Clair late in this case seems quite transparent. (Defs.' Resp. 3 ¶ 8.)

Finally, in *Pamida*,[5] the Eighth Circuit merely clarified, and in no way abrogated, the principles that *Shelton* protects and Defendants here ignore – namely, using depositions of opposing counsel in a pending case as an abusive discovery tactic. *Id.* at 730. The court noted that *Shelton* applied to information sought regarding the instant on-going case and not the concluded case. With respect to the concluded case, the court noted that the defendant had to show a waiver of the attorney-client and work-product privileges (or that Federal Rule of Civil Procedure 26(b)(3) had been met) in order to depose trial counsel on those subjects. *Id.* at 731. Here, Defendants are required to show a waiver of privilege to depose Mr. Clair regarding any information related to the prosecution of the '180 trademark, and they have made no such showing.

The fact that Defendants stoop to attack opposing counsel speaks volumes about the lack of substance to their legal and factual defenses on the merits. As is clear from the case law, whether trial counsel may be deposed is a fact intensive inquiry with each case meriting individual consideration on its particular facts. Defendants urge blind application of cases clearly distinguishable on their facts and not binding upon this court. When looking carefully at the situation before this Court, it is clear that Defendants' proposed deposition is a tactic intended to harass and eventually disqualify Mr. Clair from the present case. That Defendants are unconcerned about the merits is plainly shown by the fact that Defendants have not yet sought deposition testimony regarding the '180 trademark from any other person involved in its prosecution. Instead, Defendants attack opposing trial counsel in a manner that, from any reasonable perspective, extends far beyond the scope of depositions allowed in previous cases. Defendants have not shown under any standard that Mr. Clair's deposition is necessary, or even if it were, that such an unconditional and unlimited scope is proper. Plaintiff's motion to quash the subpoena should be granted on this basis.

---

[5] *Pamida, Inc. v. E.S. Originals, Inc.*, 281 F.3d 726 (8th Cir. 2002).

**II. Defendants Have Not Met Their Burden to Pierce the Attorney-Client Privilege.**

Defendants contend that the attorney-client privilege should be pierced in this case, but consistent with the utter lack of merit to this argument, devote barely two paragraphs addressing it. (Defs.' Resp. 9.) Defendants falsely assert that the Court already found that fraud is likely, referring to the preliminary injunction order issued by this Court. (Defs.' Resp. 9.) However, the fact findings to which Defendants refer were within the context of a preliminary injunction on a limited record. Defendants cite, out of context, dictum from this Court's preliminary injunction opinion. But Defendants fail to acknowledge—as this Court clearly explained—that the applicable standard was whether there was "better than [a] negligible chance of succeeding on the merits [that the registration of the '180 trademark should be canceled]." (Docket No. 109, citing *Int'l Kennel Club v. Mighty Star, Inc.*, 846 F.2d 1079, 1084 (7th Cir. 1988)). In contrast, "in order to pierce the attorney-client privilege, it is not enough to merely show inequitable conduct. Rather, it is necessary . . . to prove a prima facie case of common law fraud." *Monon Corp. v. Stoughton Trailers, Inc.*, No. 95 C. 511, 169 F.R.D. 99, at **101-02 (N.D. Ill. Sept. 19, 1996) (citations omitted). (Ex. D.)

In the Seventh Circuit, this requires not "merely making a claim of fraud [but rather, the] party seeking to abrogate the attorney-client privilege must present prima facie evidence that 'gives colour to the charge' by showing some 'foundation in fact.'" *Medallion Prods. v. McAlister*, 2008 U.S. Dist. LEXIS 80550, at **33-34 (N.D. Ill. Oct. 9, 2008) (quoting *United States v. BDO Seidman, LLP*, 492 F.3d 806, 818 (7th Cir. 2007), quoting *Clark v. United States*, 289 U.S. 1, 15 (1933)). (Ex. E.) A *prima facie* case requires sufficient evidence "to require the adverse party, the one with superior access to the evidence and in the best position to explain things, to come forward with that explanation." *Id.* Importantly, "[t]he privilege will remain if the court finds the explanation satisfactory." *Id.*

Defendants do not even attempt to meet the standard set by *Monon* and *Medallion* (because they cannot) and also fail to cite any case law stating that a "better than negligible chance" of showing the '180 trademark should be canceled satisfies their burden of putting forth

5

the *prima facie* case of common law fraud.[6] Moreover, even the cases cited by the Defendants support WMH's alternate position, namely, that the deposition should be limited to non-privileged, non-work product subject matter. *See, e.g.*, *qad.inc.*, 132 F.R.D. at 494-95; *aaiPHARMA*, 361 F. Supp. 2d at 776-77; *Environ Products*, 1996 U.S. Dist. LEXIS 12336, at *14. Since Plaintiff has already produced the "public records . . . that may be in Mr. Clair's files," as requested by Defendants, there is no other non-privileged, non-work product information to produce. (Defs.' Resp. 9.)

Defendants' purported argument regarding Plaintiff's alleged knowledge of "third party uses of white on woodworking and metalworking machines" fails to raise a *prima facie* case of common law fraud, and also rests on a misstatement of the underlying applicable substantive law. Unlike in a patent case, where a single "prior art" device can support an invalidity defense, under the trademark laws, the use of an allegedly similar trademark (or color) in unrelated markets or on non-competitive products is immaterial to the consumer recognition and validity of the trademark. *See Am. Sci. Channel, Inc. v. Am. Hosp. Supply Corp.*, 690 F.2d 791, 793-94 (9th Cir. 1982); *Sam's Wines & Liquors, Inc. v. Wal-Mart Stores, Inc.*, No. 92 C 5170, 32 U.S.P.Q.2d 1906, 1908-09 (N.D. Ill. Sept. 27, 1994). Similarly, even where there are other uses of the trademark in the relevant market, if they are inconsequential or infringing, they have little, if any, effect on the validity of the trademark. *See L.P. Kichler Co. v. Davoil, Inc.*, 192 F.3d 1349, 1352 (Fed. Cir. 1999); *Unique Sports Prods, Inc. v. Babolat VS*, 403 F. Supp. 2d 1229, 1239-40 (N.D. Ga. 2005). Thus, although Plaintiff's witnesses and employees forthrightly attested to being aware of some third-party uses of white at the preliminary injunction hearing, these uses were (1) not in Plaintiff's market, (2) not significant in terms of sales, (3) were too late in time to matter (i.e., were themselves infringements) and/or (4) did not target the same consumers, and therefore, were inconsequential and immaterial.

---

[6] In discussing their burden, Defendants refer only to one case, which is outside of this circuit. (Defs.' Resp. 9.)

The fact that this Court found "better than a negligible chance" that Defendants might ultimately prevail on this issue hardly created a license for Defendants' personal attack on Mr. Clair, much less constitute a finding that there was a *prima facie* showing of the facts required to justify trial counsel's deposition. Moreover, Defendants have not even taken the deposition of the witnesses upon which Defendants now rely. It is incomprehensible how statements not made by Mr. Clair that were not about Mr. Clair or his actions, can require Mr. Clair to testify. This certainly does not constitute a *prima facie* case meriting the attorney-client privilege to be pierced.

### III. Conclusion

Defendants' response fails to set forth applicable and accurately stated law or compelling facts that support the taking of Mr. Clair's deposition. Defendants cannot rely upon bare allegations and assertions as proof that the deposition is necessary in this case. Even if Defendants could show that a deposition were proper, Defendants have failed to show that it should not be limited solely to knowledge Mr. Clair acquired outside of the attorney-client relationship, or his thoughts and mental processes not protected by the work-product doctrine. Plaintiff again respectfully requests that this Court quash the Defendants' deposition notice and subpoena. Alternatively, the Court should enter a protective order limiting the scope of the deposition to non-privileged and non-work-product matters.

Date: December 18, 2008

s/ Christine Abuel Pompa
Steven C. Schroer
Christine Abuel Pompa
Shane Delsman
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street, Suite 1600
Chicago, Illinois 60603-3406
T: (312) 577-7000
F: (312) 577-7007

*Attorneys for Plaintiff, WMH Tool Group, Inc.*

524491

<u>CERTIFICATE OF SERVICE</u>

I, Christine Abuel Pompa, hereby certify that a copy of the foregoing Reply in Support of Motion to Quash Deposition Notice and Subpoena, or Alternatively, for a Protective Order, was electronically filed on December 18, 2008 with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

>Joseph F. Schmidt
>Michele S. Katz
>WELSH & KATZ, LTD.
>120 South Riverside Plaza, Suite 2200
>Chicago, Illinois 60606

Parties may access this filing through the Court's system.

>s/   Christine Abuel Pompa
>*One of the Attorneys for WMH Tool Group, Inc.*