# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| WMH Tool Group, Inc., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 07-CV-3885 |
| | ) | |
| v. | ) | Hon. Judge John W. Darrah |
| | ) | |
| Woodstock International, Inc., and | ) | Mag. Judge Michael T. Mason |
| Grizzly Industrial, Inc. | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is plaintiff's motion to quash or, alternatively, for protective order [179]. For the reasons stated below, plaintiff's request to quash the deposition notice and subpoena directed to its trial counsel is granted in part and denied in part.

## Background

Plaintiff, WMH Tool Group, Inc. ("WMH" or "plaintiff"), filed this action against defendants Woodstock International, Inc. and Grizzly Industrial, Inc. ("defendants") for trademark infringement, trade dress, false advertising, and other related claims, seeking to protect its alleged trade dress rights in the color white as used on woodworking and metalworking machines. Defendants assert various counterclaims, including that plaintiff's trademark registration is invalid and unenforceable. The trademark registration at issue in this case is referred to as the "'180 Reg." Plaintiff's trial counsel, Edward Clair ("Mr. Clair"), represented WMH in connection with its acquisition of the '180 Reg, and has represented WMH, or its predecessor, since 1999.

Defendants served a notice of Mr. Clair's deposition and a subpoena requesting

documents that relate to the filing and prosecution of the trademark application for the '180 Reg, as well as the use of goods in the '180 Reg. Plaintiff seeks an order quashing the deposition notice and subpoena or, alternatively, a protective order limiting the scope of Mr. Clair's deposition to non-privileged and non-attorney work product information relating to WMH's acquisition of the '180 Reg. In their response and in oral arguments before this Court, defendants claim that Mr. Clair's deposition is necessary because he prepared a declaration before the U.S. Patent & Trademark Office ("USPTO"), as well as a response to the USPTO's initial refusal to register the '180 Reg. Defendants argue that only Mr. Clair can testify regarding his communications with the USPTO and the "due diligence that he exercised or failed to exercise." Finally, defendants claim that limiting the deposition and document production to non-privileged and non-work product information is highly prejudicial.

**Discussion**

Pursuant to Fed. R. Civ. P. 26(c), the court may enter a protective order "to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Plaintiff asks this Court to exercise our authority to protect Mr. Clair from an unnecessary and unduly burdensome deposition. Plaintiff argues that the deposition should be quashed because defendants "are attempting to harass Mr. Clair and may be attempting to set the groundwork for a motion to disqualify him." In support, plaintiff cites the well recognized proposition that "deposing opposing counsel provides a unique opportunity for harassment, it disrupts the opposing attorney's preparation for trial, and could ultimately lead to disqualification of opposing counsel if the attorney is called as a trial witness . . . [and therefore] courts historically have looked with disfavor

on attempts to depose opposing counsel." *Miyano Mach., Inc. v. Miyanohitec Mach., Inc.*, 2008 U.S. Dist. LEXIS 44707, *24 (N.D. Ill. June 6, 2008) (*quotations omitted*). While there is an obvious potential for harassment, we do not find that defendants noticed Mr. Clair's deposition for an improper purpose, or that their primary intent in seeking the deposition is to harass opposing counsel. Accordingly, we must consider if there are any circumstances which justify Mr. Clair's deposition. *See Prevue Pet Prods. v. Avian Adventures, Inc.* 200 F.R.D. 413, 418 (N.D. Ill. 2001) ("The Federal Rules of Civil Procedure do not create a blanket immunity that exempts attorneys from ever being deposed.")

Plaintiff argues that defendants have not met their burden to depose trial counsel. Relying on the standard set forth in *Shelton v. American Motors Corp.* and its progeny, plaintiff avers that depositions of trial counsel are limited to those circumstances where the party seeking the deposition has shown that: (1) no other means exist to obtain the information than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case. *See Shelton*, 805 F.2d at 1327; *Marco Island Partners v. Oak Dev. Corp.*, 117 F.R.D. 418, 420 (N.D. Ill 1987) (relying on the *Shelton* factors in breach of contract case). Applying these factors, plaintiff seeks to quash the deposition and document request on the grounds that: (1) Mr. Clair does not have knowledge of any facts which are not available from other witnesses; and (2) the information sought is protected by the attorney-client and/or work product privilege. Defendants challenge plaintiff's reliance on the *Shelton* factors, the feasibility of obtaining the requested information from other witnesses, and the plaintiff's efforts to limit discovery pursuant to

the attorney-client and work product privilege.

First, defendants ask this Court to find that *Shelton* does not control in the Seventh Circuit. *See, e.g. aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp. 2d 770, 774-75 (N.D. Ill. 2005) (holding that defendants are not required to "meet the heavy burden of *Shelton*" in order to obtain discovery regarding attorneys' representation of the plaintiff in connection with the prosecution of the patents in suit). Rather, defendants claim that a party is entitled to depose opposing counsel where: (1) the attorney's impressions are directly applicable to a claim or affirmative defense at issue and (2) can only be discovered by deposing opposing counsel. In support, defendants cite *Environ Prod. v. Total Containment*, a patent infringement action decided by the Eastern District of Pennsylvania. 1996 U.S. Dist. LEXIS 12336, *13 (E.D. Pa. Aug. 22, 1996) (holding that defendant was entitled to depose opposing counsel where his "conduct is directly an issue in this litigation, and [the attorney's] mental impressions relevant to this issue can only be discovered directly from him.")

Other courts in this district have held that the *Shelton* analysis does not apply where "the topics of deposition involve counsel's knowledge of a prior underlying matter that is relevant to the current litigation." *Srail v. Village of Lisle*, 2007 U.S. Dist. LEXIS 92363, * 6 (N.D. Ill. Dec. 12, 2007), *citing Pamida v. E.S. Originals*, Inc., 281 F.3d 726, 730 (8th Cir. 2002) ("*Shelton* was not intended to provide heightened protection to attorneys who represented a client in a completed case and then also happened to represent that same client in a pending case where the information known only by the attorneys regarding the prior concluded case was crucial.") Here, defendants noticed Mr. Clair's deposition in order to discover facts related to his communications with the

4

USPTO in 2004. Defendants' document requests relate to the prosecution of the '180 Reg, and there is no indication that defendants intend to question Mr. Clair on any issues involving his representation of WMH in the present case. Accordingly, under *Srail* we need not apply the *Shelton* factors. *See id., see, also aaiPharma*, 361 F. Supp. 2d at 775-78) (denying motion to quash after considering the relevance of requested discovery, risk of obtaining discovery from trial counsel, and defendants' ability to discover information from other sources).

Defendants cannot demonstrate that they are entitled to Mr. Clair's deposition at this stage in the litigation. At the time plaintiff filed its motion, defendants had not taken any depositions. While the parties have conducted additional discovery since that time, defendants have not taken the deposition of plaintiff's Fed. R. Civ. P. 30(b)(6) witness. In the absence of that deposition, defendants cannot show that Mr. Clair has any unique knowledge, nor can defendants show that it would be more difficult to obtain the information from a source other than Mr. Clair. *See Qad, Inc. v. ALN Assoc., Inc.*, 132 F.R.D. 492, 495 (N.D. Ill. 1990); *see, also Taylor Mach. Works, Inc. v. Pioneer Distrib. Inc.,* 2006 U.S. Dist. LEXIS 94898, *10-12 (C.D. Ill. June 19, 2006). Thus, regardless of the standard applied, there is no basis to conclude that Mr. Clair's deposition must go forward at this point in the litigation. *See id.; see, also Miyano Mach.*, 2008 U.S. Dist. LEXIS 44707 at *26 (granting motion to quash where defendants did not satisfy their burden of showing that no means exist to obtain the requested information other than to depose counsel).

Plaintiff's motion was brought about by an unwillingness to compromise on discovery issues. Plaintiff avers - and asks this Court to find - that Mr. Clair's deposition

5

is not necessary because his testimony would be duplicative of information available from other less burdensome sources.  *See Marco Island Partners*, 117 F.R.D. at 419-20.  Plaintiff argues that its Fed. R. Civ. P. 30(b)(6) witness, the current chief executive officer and former in-house counsel, has knowledge of plaintiff's communications with the USPTO and of all topics identified on the document request.  Rather than take the Fed. R. Civ. P. 30(b)(6) deposition, defendants demanded lead counsel's deposition.  Defendants claim that the deposition of plaintiff's corporate representative is not relevant to the current dispute because Mr. Clair prepared the declaration and communicated with the USPTO.  Thus, defendants infer that only Mr. Clair can testify regarding the due diligence that he exercised on behalf of his client, and his compliance with the duty of candor.  *See aaiPharma, Inc.*, 361 F. Supp. 2d at 773 (holding that applicants before the USPTO must prosecute patent applications with candor, good faith, and honesty).  Without the Fed. R. Civ. P. 30(b)(6) deposition, defendants' allegations regarding Mr. Clair's unique knowledge are mere speculation.  Accordingly, plaintiff's request to preclude defendants from taking Mr. Clair's deposition is granted.  If, after exhausting all means of obtaining relevant information directly from plaintiff, defendants believe that Mr. Clair's deposition is necessary, they may seek leave to take the limited deposition of Mr. Clair.

      To the extent they have not already done so, defendants are granted leave to issue document requests directed to the plaintiff for information in plaintiff's possession, custody or control regarding: (1) the search for documents required by the USPTO Office Action; (2) information requested by or provided to Mr. Clair to meet the USPTO requirements; (3) plaintiff's communications with Mr. Clair regarding the prosecution of

6

the '180 Reg; (4) information and documents that were not included in the Response to the Office Action; (5) communications which relate to the date of first use for the goods in the '180 Reg; and (6) changes to the Scott Box declaration. Along with its response, plaintiff should provide a privilege log in a form that complies with the parties' discovery agreement. *See Allendale Mut. Ins. Co. v. Bull Data, Sys.*, 145 F.R.D. 84, 86 (N.D. Ill. 1992) (outlining the requirements for privilege logs). Defendants' request to preclude plaintiff from asserting any privilege objections under the "crime fraud exception" is denied without prejudice. However, the parties are cautioned that statements relating to the facts asserted in the declaration and any communications with the USPTO are not privileged and should be disclosed. *See Miyano Mach.*, 2008 U.S. Dist. LEXIS 44707 at *26 (noting that statements between counsel and his client regarding the factual basis for representations in a declaration are not privileged and must be disclosed); *see, also Logan v. Commercial Union Ins. Co.*, 96 F.3d 971, 976-77 (7th Cir. 1996) (holding that the work doctrine applies only where "the document can fairly be said to have been prepared or obtained because of the prospect of litigation.") Nothing in this Order is intended to preclude plaintiff from raising valid objections during the Fed. R. Civ. P. 30(b)(6) deposition, or any other depositions in this case.

**Conclusion**

For the reasons stated above, plaintiff's motion is granted to the extent it seeks an order quashing the deposition notice and subpoena of plaintiff's trial counsel, Edward E. Clair. If, after plaintiff completes its production of written discovery and all other witnesses with relevant information have been deposed, defendants believe that Mr. Clair's deposition is necessary, they are to request leave to take the limited deposition

7

of Mr. Clair. The court will decide whether defendants are entitled to take Mr. Clair's deposition at that time. Plaintiff's motion is denied as to all other aspects.

                                                **ENTERED:**

                                                _____
                                                **MICHAEL T. MASON**
                                                **United States Magistrate Judge**

**DATED: January 14, 2009**