IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WMH TOOL GROUP, INC., <br><br> Plaintiff/Counterclaim Defendant, <br><br> v. <br><br> WOODSTOCK INTERNATIONAL, INC., and GRIZZLY INDUSTRIAL, INC. <br><br> Defendants/Counterclaim Plaintiffs. | Civil Action No. 07-cv-3885 <br><br> Hon. Judge John W. Darrah <br><br> Magistrate Judge Michael T. Mason |

## **DEFENDANTS'/COUNTER-PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Pursuant to Fed. R. Civ. P. 56(c) and Local Rule 56.1, defendants Woodstock International, Inc. ("Woodstock") and Grizzly Industrial, Inc. ("Grizzly") (collectively, "G&W") hereby move this Court for summary judgment as to the following claims:

(1)      Plaintiff WMH Tool Group, Inc.'s ("WMH")

    (a)      First Cause of Action (infringement of U.S. Trademark Registration No. 2,893,180 (the '180 Reg) under 15 U.S.C. § 1114);

    (b)      Second Cause of Action (trade dress infringement under 15 U.S.C. § 1125(a));

    (c)      Third Cause of Action (dilution under 15 U.S.C. § 1125(c))[1];

    (d)      Fourth Cause of Action (use of counterfeit goods under 15 U.S.C. §§ 1114, 1116, 1117, 1118, and 1127);

    (e)      Fifth Cause of Action (use of counterfeit mark under 19 U.S.C. § 1526(e));

    (f)      Sixth Cause of Action (infringement of registered trade dress under common law of Illinois);

    (g)      Seventh Cause of Action (infringement of registered trade dress under Ill. Uniform Deceptive Trade Practices Act, 815 ILCS 514, et seq.);

---

[1] This cause of action applies only to Woodstock. In the Court's Memorandum Opinion and Order dated April 8, 2009, the Court granted Grizzly's motion for summary judgment as to Count III, i.e., WMH's Third Cause of Action for Dilution.

  (h) Eighth Cause of Action (infringement of registered trade dress under Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 501/1 et seq.), and

  (i) Ninth Cause of Action (infringement of registered trade dress under Illinois Trademark Registration and Protection Act, 765 ILCS 1036/60 et seq.), all of which depend on WMH's ownership of a valid registered or common law trademark.

(2) Count V of G&W's Counterclaims, which seeks a declaratory judgment that the alleged mark covered by WMH's '180 Reg is invalid for a lack of acquired distinctiveness.

(3) Counts III, X, and XI of G&W's Counterclaims, each of which separately seek a declaratory judgment that plaintiff's '180 Reg is invalid because WMH committed fraud on the United States Patent and Trademark Office ("PTO") in the procurement of WMH's '180 Reg.

The two separate and independent grounds for this motion are as follows:

(1) WMH does not have valid trademark rights to the color white in connection with woodworking and metalworking machines because the evidence establishes extensive prior and continuous use of white by non-parties in connection with directly and indirectly related woodworking and metalworking machinery and, therefore, WMH's alleged mark did not and could not have acquired distinctiveness/secondary meaning which is required in order to establish valid trademark rights for a color. The acquisition and ownership of valid trademark rights is an essential element to each of WMH's nine causes of action. Since WMH did not and could not have acquired rights in the color white for woodworking and metalworking machines, WMH cannot prevail as a matter of law with respect to its claims. Therefore, summary judgment in favor of defendants is appropriate.

(2) WMH's '180 Reg is invalid and should be cancelled pursuant to 15 U.S.C. §1119 because WMH committed fraud on the PTO in procuring the '180 Reg by knowingly making material misrepresentations of fact, including, but not limited to the following:

  A. WMH fraudulently represented to the PTO in its trademark application that it was using its alleged mark on routers and chop saws when WMH did not advertise or sell routers or chop saws bearing the alleged mark at the time it filed the application.

  B. In response to the PTO's request for information concerning the existence of competing goods featuring the color white, WMH fraudulently represented to the PTO that "prior to the Applicant's adoption of the color WHITE for its woodworking and metalworking

2

machines, manufacturers of such equipment provided the goods in a limited range of shades of either gray, green or blue." Contrary to this representation however, the evidence clearly demonstrates that WMH was aware of prior uses of white by other manufacturers on woodworking and metalworking machines which directly and/or indirectly compete with WMH. Accordingly, in making the above-identified statement, and in failing to provide examples of other manufacturers' uses of white machinery, WMH committed fraud by misleading the PTO into believing that the color white was not previously used in connection with directly and indirectly related goods, when, in fact, WMH knew otherwise.

    C.    In response to the Office Action refusing registration, WMH submitted the declaration of Scott Box, WMH's Vice President of Marketing and Product Management. Mr. Box declared in ¶ 8 of his declaration that "the Applicant has objected to third-party use of color white applied to woodworking and metalworking and has obtained agreement<u>s</u> (emphasis added) whereby the third party changed from the color white to another non-conflicting color." In order to overcome the PTO refusals to register, WMH's attorney, E. Clair, argued in response to the refusal (p. 5 of WMH's Response to Office Action) "the Applicant has successfully enforced its rights in the mark against other entitie<u>s</u> (emphasis added) use of the color white on woodworking and metalworking machines." WMH's document production identifies only one such agreement as of the date of the filing of the response. Mr. Clair testified at his deposition that he could not recall more than <u>one</u> agreement at the time of filing the response. In making these statements, WMH misrepresented the facts and misled the PTO into believing that there were multiple agreements where WMH successfully enforced its rights. These misrepresentations were made with the intent to deceive the PTO by falsely inflating WMH's contentions in support of registrability of its alleged mark in order to convince the PTO to withdraw the refusals to register.

    The record in this case contains clear and convincing evidence that WMH committed fraud in procuring the '180 Reg by making the above-identified false representations to the PTO during the prosecution of their trademark registration. The evidence additionally demonstrates that plaintiff's false representations were material to the prosecution of the '180 Reg, and that plaintiff knew or should have known that these representations were false. In light of this evidence, plaintiff's '180 Reg is invalid as a matter of law and defendants are thus entitled to summary judgment with respect to their First and Third Counterclaims which individually seek a

declaratory judgment of invalidity with respect to the '180 Reg as a result of plaintiff's fraud on the PTO.

In support of this motion, Grizzly and Woodstock rely on the following evidence:

1. Defendants' Demonstrative Ex. 1: Chronological History of Use of "White Looking" Woodworking and Metalworking Machinery;

2. Defendants' Demonstrative Ex. 2: Compilation of Non-Party Physical Exhibits and Testimony of "White Looking" Woodworking and Metalworking Machinery;

3. Defendants' Demonstrative Ex. 3: Samples of Non-party Catalogs and Advertisements of "White Looking" Woodworking and Metalworking Machinery;

4. This Court's February 14, 2008 Order granting Grizzly and Woodstock's motion for preliminary injunction;

5. Testimony from the January 17, 2008 preliminary injunction hearing, including testimony of WMH's Vice President of Sales, George Blanchfield and testimony of Shiraz Balolia, president of both Woodstock and Grizzly;

6. Deposition testimony from the February 25, 2009 30(b)(6) deposition of WMH;

7. Deposition testimony from WMH's employees, including the February 11, 2009 deposition of Mr. Blanchfield, the February 12, 2009 deposition of Robert Varzino, the February 10, 2009 deposition of Robert Romano,

8. Deposition testimony from the November 6, 2007 and March 17, 2009 depositions of Scott Box, WMH's former Vice President of Sales and Marketing;

9. Deposition testimony of non-party manufacturers of white-looking woodworking and metalworking machinery, including Chevalier Machinery Inc., Makita USA Inc., Supra Machine Tool Inc. (Acer), SCM Group USA Inc. (SCMI and Mini-Max), Timesavers, Pistorius Machine Co., One-Way Manufacturing , and Fryer Machine Systems;

10. Declarations from individuals employed by non-party manufacturers and dealers of woodworking and/or metalworking machinery, including David Lo, President of Supra Machine Tool Inc. (Acer), Tom Dou, President of Acra Machinery, Ivan Spielfogel, National Sales Manager of Chevalier Machinery Inc., Peter Eelman, Vice President of Exhibitions of the International Manufacturing Technology Show (IMTS), Jeff LeNeave, Co-owner of LeNeave Machinery and Supply, Tim Clay, Owner and President of One-Way Manufacturing, and John Gangone, President of SCM Group USA Inc.

11. The prosecution history of plaintiff's '180 Reg;

4

12. Catalogs and brochures of non-party manufacturers of white-looking woodworking and metalworking machinery;

13. Various catalogs and documents produced by WMH during the course of discovery; and

14. Excerpts from woodworking and metalworking trade magazines.

                Respectfully Submitted,

Dated: August 3, 2009

/s/ Joseph F. Schmidt
Joseph F. Schmidt (Illinois Bar No. 2492180)
Michele S. Katz (Illinois Bar No. 6273985)
George S. Pavlik (Illinois Bar No. 6282048)
**HUSCH BLACKWELL SANDERS**
    **WELSH & KATZ**
120 S. Riverside Plaza, 22nd Floor
Chicago, IL 60606
Tel: (312) 655-1500
Fax: (312) 655-1501
E-mail: joseph.schmidt@huschblackwell.com
E-mail: michele.katz@huschblackwell.com
E-mail: george.pavlik@huschblackwell.com

Attorneys for Defendants Woodstock International, Inc. and Grizzly Industrial, Inc.

## **CERTIFICATE OF SERVICE**

   I hereby certify that a true and correct copy of the foregoing Defendants'/Counter-Plaintiffs' Motion for Summary Judgment was served on August 3, 2009, on the following parties in accordance with the Court's Administrative Procedures for Electronic Case Filing:

Steven C. Schroer
Edward E. Clair
Christine A. Pompa
Shane Delsman
FITCH, EVEN, TABIN & FLANNERY
120 South LaSalle Street
Suite 1600
Chicago, Illinois 60603-3406


            /s/ Joseph F. Schmidt
            One of the Attorneys for
           Defendants/Counter-Plaintiffs